UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NANCY DARDARIAN,

    Plaintiff,

    v.

NORDSTROM, INC.,

    Defendant.
_____/

No. C 11-0949 PJH

**ORDER GRANTING MOTION FOR STAY**

The motion of defendant Nordstrom, Inc. ("Nordstrom") for an order dismissing or staying the above-entitled action came on for hearing before this court on May 4, 2011. Plaintiff Nancy Dardarian appeared by her counsel Arthur Lazear and Chad Saunders, and Nordstrom appeared by its counsel John C. Dineen. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion to stay and DENIES the motion to dismiss, as follows and for the reasons stated at the hearing.

This is a case filed as a proposed class action, alleging violation of California Civil Code § 1747.08 (part of the Song-Beverly Credit Card Act of 1971). Among other things, § 1747.08 (which was added in 1990) prohibits anyone who accepts credit cards as payment for goods or services from recording credit card customers' "personal identification information" as part of the credit card transaction (with certain exceptions listed in the statute).

Plaintiff alleges that she made a purchase using a credit card at a store operated by Nordstrom, and that she was asked at the time of the sale for her zip code, which information the sales clerk then entered into the store's computer system. The California Supreme Court has ruled that zip codes are "personal identification information," and that recording such information as part of a credit card transaction violates the Song-Beverly Credit Card Act. See Pineda v. Williams-Sonoma Stores, Inc., 51 Cal. 4th 524, 536 (2011).

The proposed class consists of "all persons in California from whom [Nordstrom] requested and recorded personal identification information in conjunction with a credit card transaction within one (1) year of the filing of this case, or any other case in which the plaintiff is a member of a proposed class." Cplt ¶ 20.

Nordstrom now seeks an order dismissing or staying the case, based on Colorado River abstention, in light of multiple earlier-filed state court actions, the first of which was filed a number of months before the present case was filed, and all of which have been coordinated in Los Angeles Superior Court under the state court coordination procedures.

**DISCUSSION**

A.   Legal Standard

A district court has inherent power to stay proceedings and "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936).

Courts look to the Colorado River doctrine when determining whether to stay a federal action in light of a pending state action. Under the Colorado River doctrine, a federal court may abstain from exercising its jurisdiction in favor of parallel state proceedings where doing so would serve the interests of "[w]ise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). "Exact parallelism" between the state and federal actions is not required; it is enough if the two actions are "substantially similar." Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989).

2

In general, abstention is a narrow doctrine.[1] Unless "vital state interests" are at stake, federal courts have an "unflagging obligation" to exercise their jurisdiction. Abstention is "an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 728 (1996). Thus, "the Colorado River doctrine is a narrow exception to 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" Holder v. Holder, 305 F.3d 854, 867 (9th Cir. 2002) (quoting Colorado River, 424 U.S. at 817). Accordingly, a stay of proceedings pursuant to the Colorado River doctrine is appropriate only where "exceptional circumstances" are present. Id.

If state and federal actions are parallel, the court should consider several non-exclusive factors that are relevant to whether a stay is appropriate under Colorado River and its progeny: (1) whether the state court first assumed jurisdiction or a res or property; (2) whether the inconvenience of the federal forum is so great that abstention is warranted; (3) whether piecemeal litigation is likely to result if the federal court does not abstain; (4) in which forum proceedings were first commenced and jurisdiction obtained, and how much progress has been made in the first-filed case; (5) which law (federal or state) provides the rule of decision; (6) whether the state court proceedings are inadequate to protect the federal litigants' rights; and (7) whether exercising jurisdiction would promote forum shopping. See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2011 ed.) §§ 2:4531-41; see also Holder, 305 F.3d at 870; Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1367-68 (9th Cir. 1990).

The decision to abstain rests on a "careful balancing" of these factors as they apply in a given case, with the balance heavily weighted in favor of exercising jurisdiction. Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983). "Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one." Madonna, 914 F.2d at 1369. In addition, when a district court declines to exercise jurisdiction under

---

[1] Although the Colorado River doctrine is referred to as an abstention doctrine, the Supreme Court has rejected this characterization. See Nakash, 882 F.2d at 1415 n.5.

3

Colorado River, it should stay rather than dismiss the federal action. Coopers & Lybrand v. Sun-Diamond Growers of Cal., 912 F.2d 1135, 1138 (9th Cir. 1990). This ensures that the federal forum will remain open if, for some unexpected reason, the state forum proves inadequate. Attwood v. Mendocino Coast Dist. Hosp., 886 F.2d 241, 243 (9th Cir. 1989). "Only the clearest of justifications will warrant dismissal." Colorado River, 424 U.S. at 818-19.

B.   Defendant's Motion

Nordstrom argues that the state and federal actions are substantially identical, and that a majority of the relevant factors support the court's exercise of abstention. In opposition, plaintiff argues that abstention by the federal courts is highly disfavored, and is not appropriate in this case, because this case does not present the necessary "extraordinary circumstances."

The motion to stay is GRANTED. In general terms, staying this case and allowing the earlier-filed state court actions to proceed will eliminate duplicative discovery; preclude inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the court.

As for the list of non-exclusive factors, this case does not involve a dispute over tangible personal property, and neither the state courts nor the federal court have assumed jurisdiction over a res or property. Thus, the first factor does not apply. At the hearing on this motion, plaintiff's counsel asserted that the fact that a particular factor does not apply means that that factor weighs against a stay. As Nordstrom's counsel noted, however, under Nakash v. Marciano, 882 F.2d at 1415 & n.7, the court does not consider factors that are not relevant to a particular case.

The second factor – inconvenience of the federal forum – is neutral, and therefore does not favor a stay. Plaintiff argues that this court is more convenient for her than the state court in Los Angeles. In the court's view, however, (1) plaintiff is simply expressing a preference for a federal forum, not stating that the state court is inconvenient wherever located, and (2) the inconvenience that is stated is as to the location and not the nature of

the forum.  Additionally, as an out-of-state defendant, Nordstrom would find both state and federal fora to be equally inconvenient.

The third factor is whether piecemeal litigation is likely to result if the case is allowed to proceed here.  Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results.  Madonna, 914 F.2d at 1368.  Here, while there may be no certainty that efforts will be duplicated, such duplication is highly likely, given (among other things) that both courts will be required to determine whether to certify the proposed class.  Thus, this factor strongly favors a stay.

The fourth factor is the order in which proceedings were first commenced and jurisdiction obtained, and the amount of progress in the cases.  At least four of the coordinated state court actions were filed before this action was filed, with the first state court action having been filed eight months ago.  However, priority is not measured totally by the time of filing (and an eight-month gap is not necessarily significant), but rather by how much progress has been made in each action.  Id. at 1370.  Here, while it does not appear that the state court has issued any dispositive rulings, the state court actions have been consolidated in a single Superior Court, as a consolidated action, and discovery has commenced.  By contrast, the only thing that has happened in this case is the filing of the present motion.  Thus, this factor slightly favors a stay.

The fifth factor is whether state or federal law provides the rule of decision.  In general, the existence of routine issues of state law will not, standing alone, justify a stay by the federal court.  Id. at 1369-70.  However, in this case, the only claim raised is a claim of violation of a state statute.  There are no federal claims.  On the other hand, the state law claim appears to be fairly routine, given the California Supreme Court's clear ruling in the Pineda case.  The fact that there are no federal issues may slightly favor a stay, but the fact that the state law claim is simple and fairly routine does not favor a stay.  The court finds that overall, this factor only slightly favors a stay.

The sixth factor is whether the state court proceedings are adequate to protect the federal litigants' rights.  Since the "rights" of Nordstrom in state court are the same as in

federal court, and since the claims asserted by the plaintiffs in each case raises only state law issues, there is no reason to believe that Nordstrom's rights will not be protected in state court. Similarly, plaintiff's rights will be adequately protected in the state court litigation (which includes the very claim plaintiff asserts in this litigation), as plaintiff is a putative class member of the state court class. Thus, this factor slightly favors a stay.

The seventh factor is whether exercising jurisdiction would encourage forum shopping. Forum shopping weighs in favor of a stay when the party opposing the stay seeks to avoid adverse rulings made by the state court, or to gain a tactical advantage from the application of federal court rules. Madonna, 914 F.2d at 1370. Here, Nordstrom suggests that plaintiff might be forum shopping. However, plaintiff asserts that she cannot be forum shopping if did not know prior to filing this case that similar suits had been filed in the state forum. She claims that she filed the case in this court only because she has a "preference for federal procedure."[2] As there is no basis upon which to conclude that there has been or will be forum shopping, this factor does not favor a stay.

On balance, as the court explained at the hearing, a majority of the applicable factors favor a stay. These are the likelihood of piecemeal litigation if the case proceeds in this court; the degree of progress in the first-filed state court case and lack of progress in this case; the fact that the state court is adequate to protect the rights of both parties; and the fact that state law provides the rule of decision. There is no evidence that plaintiff has engaged in forum shopping, and it is not clear that allowing the case to proceed in this forum will lead to forum shopping by others. The factor of convenience/inconvenience appears to be neutral, and does not favor a stay.

In addition, the court finds it significant that the plaintiff in this action purports to represent a class that is almost identical (except for starting date) to the class in the state court actions. The members of the class in the present action will also be members of the class in the coordinated state court proceeding (although the converse will not be true as to

---

[2] At the hearing, Nordstrom modified its argument, asserting that allowing this case to proceed here would encourage forum-shopping by other litigants.

6

all members of the state court class, given that the first state court action was filed in August 2010).

Permitting parallel proceedings in both state and federal court against the same defendant with the same state law claim at issue will at a minimum invite confusion among the members of the proposed class.  In addition, given that the definitions of the proposed class are virtually identical (except for the beginning date of the class period), running parallel motions for class certification will result in a colossal waste of judicial resources.  In the court's view, the fact that these parallel actions were all filed as proposed class actions purporting to represent the same putative class members provides the necessary "extraordinary circumstances" warranting the court's exercise of abstention.

## CONCLUSION

In accordance with the foregoing, the court hereby GRANTS Nordstrom's motion for a stay, and DENIES the alternative motion to dismiss.  The action will be stayed pending the outcome of the state court litigation, or a denial of class certification, whichever occurs first.  Every six months during the pendency of the stay,  Nordstrom shall file a status statement apprising the court of the progress of the state court litigation, so that the court can determine whether the present order should be revisited.

**IT IS SO ORDERED.**

Dated:  May 5, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge